# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JULY SESSION, 1997

| | | |
|---|---|---|
| **JOE HOBSON,** | ) | **C.C.A. NO. 02C01-9609-CC-00309** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **MADISON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. FRANKLIN MURCHISON** |
| **STATE OF TENNESSEE,** | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FILED

July 24, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

### ON APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY

<u>FOR THE APPELLANT</u>:

GEORGE MORTON GOOGE
District Public Defender
227 W. Baltimore Street
Jackson, TN 38301

<u>FOR THE APPELLEE</u>:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

JERRY WOODALL
District Attorney General

AL EARLS
Assistant District Attorney General
P.O. Box 2825
Jackson, TN 38302

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Joe Hobson, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. The Petitioner filed a pro se petition for post-conviction relief on March 28, 1996, challenging various convictions for drug offenses received in 1989 and 1990.[1] On April 9, 1996, the trial court dismissed the petition without conducting an evidentiary hearing, finding that it was barred by the statute of limitations.[2] We affirm the judgment of the trial court.

The procedural history of the case at bar is somewhat convoluted. The Petitioner entered guilty pleas to various drug offenses on January 25, 1989 and April 16, 1990. He filed a petition for post-conviction relief, which is the subject of the case sub judice, on March 28, 1996. In the petition, he argued that his guilty pleas had been entered involuntarily because the trial court had not fully advised him about his right against self-incrimination and his right of confrontation. He also claimed that the convictions based on his guilty pleas were later used to enhance a federal sentence. The State responded to the petition on April 4, 1996, by moving to dismiss it on the ground that it was barred by the statute of limitations. On April 9, 1996, the trial court entered an order

---

[1] The record is unclear regarding the offenses of which the Petitioner was actually convicted. In his petition for post-conviction relief, he states that he is challenging convictions for possession of dilaudid and possession of cocaine. On another document submitted by the Petitioner to the clerk of the trial court, he refers to convictions for possession of cocaine with intent to sell, possession of dilaudid with intent to sell, and possession of drug paraphernalia. Unfortunately, the record does not contain copies of the judgments for the challenged convictions. The Petitioner does make it clear, however, that the convictions challenged through this petition for post-conviction relief are the drug offenses to which he pleaded guilty on January 25, 1989 and April 16, 1990.

[2] See Tenn. Code Ann. §§ 40-30-202, -206(b) (Supp. 1996).

summarily dismissing the petition as having been barred by the three-year statute of limitations.[3]

It appears that on the same day that the order of dismissal was entered, April 9, 1996, the Petitioner received a copy of the State's answer to his petition. At that time, he was incarcerated in a federal penitentiary in Memphis, Tennessee. In response to the State's answer, which argued that the petition was time-barred, the Petitioner sent additional documents to the clerk of the trial court in which he had filed his petition. The documents made reference to the convictions which he was challenging and again set forth his reasons that they should be set aside. The Petitioner also responded to the State's contention that his petition was time-barred by arguing that the Post-Conviction Procedure Act of 1995 had extended the filing deadline to May 10, 1996. Because he had filed his petition on March 28, 1996, he asserted that it was not barred by the statute of limitations. The trial court clerk received and filed these additional documents on April 11, 1996.

On that same day, April 11, 1996, a copy of the order of dismissal was mailed to the Petitioner. The envelope in which it was sent, however, did not list the Petitioner's name or prisoner number or any other identifying feature. Rather, it was addressed only to the "Federal Correctional Institute" in "Memphis, Tennessee." As a result, there was a long delay between the time the order was mailed and the time the Petitioner actually received it. It appears that he received the order on May 10, 1996.

---

[3] See Tenn. Code Ann. § 40-30-102 (repealed 1995).

After receiving the copy of the State's answer to his petition but before receiving the copy of the order of dismissal, the Petitioner decided to write directly to the trial court in response to the State's contention that the petition was time-barred. On April 24, 1996, he wrote a letter to the trial court explaining that his petition was not filed after the statute of limitations had expired because the 1995 Post-Conviction Procedure Act had extended the filing deadline to May 10, 1996. He also enclosed a copy of the relevant portion of the 1995 Act. The letter was received and filed by the trial court clerk on April 26, 1996.

On April 29, 1996, apparently in response to this letter, the trial court entered an order appointing the district public defender as counsel for the Petitioner. A hearing on the matter was set for June 24, 1996. It is unclear whether the trial court realized that the petition had already been dismissed as of April 9, 1996. At that time, counsel for the Petitioner was unaware that the petition had already been dismissed. Thus, counsel began to investigate the case. During the investigation, counsel discovered that the petition had been dismissed by an order entered on April 9, 1996. As a result, counsel filed a motion to set aside the order of dismissal pursuant to Tennessee Rule of Civil Procedure 60.02.[4] In support of the Rule 60.02 motion, counsel argued that the Petitioner had not received proper notice of the order of dismissal, seemingly by mistake or inadvertence, until after the time period for filing notice of appeal had expired. See Tenn. R. App. P. 4(a).

---

[4] Tennessee Rule of Civil Procedure 60.02 allows a trial court to provide relief from final judgments, orders or proceedings for a number of reasons, including "mistake, inadvertence, surprise or excusable neglect."

During the time that counsel was discovering that the petition had already been dismissed, the Petitioner finally received the copy of the order of dismissal. In response to that order, he filed a <u>pro</u> <u>se</u> notice of appeal on May 20, 1996. As a result, the record was sent to the clerk of this Court. No ruling was ever made on the Rule 60.02 motion, nor was the evidentiary hearing scheduled for June 24, 1996, ever conducted.

On appeal, the Petitioner, with the assistance of counsel, argues primarily that this Court should avoid reaching the merits of the trial court's dismissal of the post-conviction petition. Instead, he requests that we remand this case to the trial court for consideration of the Rule 60.02 motion and, if that motion is deemed well-taken, an evidentiary hearing on the post-conviction petition as was originally scheduled for June 24, 1996. The Petitioner contends that he has a colorable claim for the extension of the post-conviction statute of limitations to May 10, 1996, that should be considered by the trial court.

Initially we note that, although there has been procedural confusion in this case and a Rule 60.02 motion was filed, it is from the trial court's order of dismissal that the Petitioner now appeals. The present case is before this Court pursuant to the Petitioner's notice of appeal filed on May 20, 1996. Obviously, the notice of appeal was filed after the expiration of the thirty-day time period from the entry of the trial court's order of dismissal. Tenn. R. App. P. 4(a). The State, however, concedes that the Petitioner was not properly served with a copy of the order of dismissal. Given that circumstance and that the notice of appeal is not jurisdictional, the State has agreed to waive timely filing of the notice. <u>See</u> Tenn. R. App. P. 4(a). We see no purpose in remanding this case for the trial court's

consideration of the Rule 60.02 motion and, should that motion be found to be well-taken, consideration of the Petitioner's claim that the 1995 Post-Conviction Procedure Act extended the filing deadline for his petition for post-conviction relief. We believe that we have sufficient information to address the merits of the Petitioner's appeal from the trial court's order of April 9, 1996, dismissing the petition.

Although the Petitioner's primary argument on appeal is that this Court should remand to the trial court for consideration of the Rule 60.02 motion, it is clear from the petition, other documents in the record, and the appellate brief that he also argues that his petition was not barred by the statute of limitations because of the one-year grace period provided by the 1995 Post-Conviction Procedure Act. See Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3). Accordingly, he contends that the trial court erred in finding that his petition for post-conviction relief was barred by the statute of limitations. At the time the Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). The expiration of the three-year statute of limitations in the Petitioner's case occurred in 1992 for his guilty pleas entered on January 25, 1989, and in 1993 for the guilty pleas entered on April 16, 1990. As we stated above, the present petition was not filed until March 28, 1996.

Of course, the new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). We agree with the Petitioner that this Act provides, in

pertinent part, that "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3). The Petitioner argues that these terms of the new Post-Conviction Procedure Act allowed him one year from May 10, 1995, to file his petition and, thus, his March 1996 petition was timely filed.

We recognize that another panel of this Court has held, with one member dissenting, that the new Post-Conviction Procedure Act provides "a one-year window" during which each and every defendant may file a petition. See Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270, Monroe County (Tenn. Crim. App., Knoxville, July 11, 1996), perm. to appeal granted (Tenn. 1996). The Carter court held that the one-year window is available even if the petition would have been long ago barred by the three-year statute provided under the previous act.

Other panels of this Court have followed the reasoning of the dissent in Carter and held that the 1995 Act did not provide previously-barred petitioners with a new one-year period from May 10, 1995 during which they could petition for post-conviction relief. See Doyle Carter v. State, C.C.A. No. 01C01-9511-CC-00398, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Eric C. Pendleton v. State, C.C.A. No. 01C01-9604-CR-00158, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Wallace Butler v. Ricky Bell, Warden, C.C.A. No. 02C01-9510-CC-00297, Fayette County (Tenn. Crim. App., Jackson,

Nov. 19, 1996); <u>Johnny L. Butler v. State</u>, C.C.A. No. 02C01-9509-CR-00289, Shelby County (Tenn. Crim. App., Jackson, Dec. 2, 1996); <u>Stephen Koprowski v. State</u>, C.C.A. No. 03C01-9511-CC-00365, Anderson County (Tenn. Crim. App., Knoxville, Jan. 28, 1997); <u>Steve Koprowski v. State</u>, C.C.A. No. 03C01-9511-CR-00378, Knox County (Tenn. Crim. App., Knoxville, Jan. 28, 1997).

We choose to follow the reasoning set forth in the <u>Carter</u> dissent. In our view, the one-year window provided by the language of the new Act is applicable only to those petitioners who were not already barred by the previous statute of limitations at the time the new Act took effect. Thus, if the previous three-year statute of limitations had not expired on a petitioner at the time the new Act took effect, he or she would have one year from the effective date of the statute, May 10, 1995, to file for post-conviction relief. This approach is in accordance with the general tenor of the entire Act as well as its legislative history.

In the case <u>sub judice</u>, the record indicates that the Petitioner was convicted on guilty pleas in January of 1989 and April of 1990. The previous three-year statute of limitations expired for the Petitioner in 1992 and 1993. As a result, the Petitioner was already barred by the previous statute of limitations on the date the new Act took effect, May 10, 1995. Furthermore, the Petitioner has not demonstrated that he fits within an exception to the statute of limitations. <u>See</u> Tenn. Code Ann. § 40-30-202(b), (c) (Supp. 1996). Accordingly, the trial court properly found that the petition was barred by the statute of limitations.

For the reasons set forth in the discussion above, we conclude that the trial court did not err in dismissing the petition for post-conviction relief.  We therefore affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE